UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY A. STEVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:14-CV-1930 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Timothy A. Stevens, a *pro se* prisoner, is serving an 8-year sentence for convictions of theft, fraud on a financial institution, and forgery in Lake County Superior Court. *State v. Stevens*, 45G01-0609-FC-00115. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition should be denied because Stevens's claims are procedurally defaulted. This court agrees. For the reasons stated below, the petition is denied and this case is dismissed.

**FACTS**

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Stevens's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Stevens's offenses as follows:

> In the summer of 2006, Stevens ordered twelve blank traveler's checks valued at $500.00 each, under his alias "Steve Timmons," through an internet advertisement posted by a company allegedly located in the United Kingdom. The company solicited U.S. citizens to act as representatives of the company under the condition that they cash the traveler's checks in the United States for an eleven-to-fifteen percent commission on each check cashed. Upon arrival of the checks,

> Stevens called his attorney to ask what he should do with them. The attorney advised Stevens that the checks were probably no good and suggested that he take them to his bank. Stevens instead contacted his uncle, Kenny Campbell, to ask if he would cash the checks for him because he did not have personal identification. Kenny also lacked personal identification, so he contacted his daughter Maranda to ask if she would cash the checks; Maranda agreed. On July 23, 2006, Maranda contacted Stevens and agreed to meet him at White Castle on Route 30, down the road from the Hobart Wal–Mart. Stevens and Maranda worked out an agreement that Maranda would receive twenty percent of each check cashed, which was roughly $80.00 to $100.00 per check. The two then drove to the Hobart Wal–Mart and met in the parking lot where Stevens opened a white envelope and gave Maranda one traveler's check. Maranda and Stevens agreed that she would go into Wal–Mart to purchase minutes for her phone with the traveler's check, and they would split the change from the purchase according to their previous agreement. From July 23, 2006 to August 2, 2006, Stevens and Maranda repeated the same process in which Maranda made purchases at two other Wal–Marts in Lake County, and three in Porter County. Maranda cashed seven of the traveler's checks. Stevens signed and deposited two checks into a savings and checking account with Chase Bank. Stevens withdrew amounts from the accounts through ATM transactions and transferred money from savings to checking. The traveler's checks were returned marked "counterfeit."
>
> On October 15, 2009, a jury found Stevens guilty of one count of forgery and one count of fraud on a financial institution, both Class C felonies, and three counts of theft, all Class D felonies. On November 12, 2009, the trial court sentenced Stevens to six years on the forgery count, six years on the fraud count, and two years on each theft count. The six-year sentences on the forgery and fraud counts were ordered to be served concurrently with each other, and the two year sentences on the three counts of theft were ordered to be served concurrently with each other but consecutively to the sentences on the forgery and fraud counts, for a total sentence of eight years. The trial court also ordered the sentence served consecutively to a sentence imposed by the Porter County Superior Court in a separate proceeding relating to the traveler's checks cashed in Porter County. Stevens now appeals his convictions and sentences.

*Stevens v. State*, 45G01-0609-FC-115, slip op. 2-3 (Ind. Ct. App. Aug. 10, 2010); (DE 11-7.)

On direct appeal, Stevens raised two arguments: (1) whether there was sufficient evidence to support the convictions; and (2) whether the trial court properly ordered his sentence to be served consecutive to a sentence in a related case. (DE 11-7 at 2; DE 11-5 at 2.) On August 10, 2010, the Indiana Court of Appeals affirmed his convictions and sentences. (DE 11-7.)

Stevens then sought transfer to the Indiana Supreme Court where he raised claims of ineffective assistance of counsel for the first time. (DE 11-9.) The Indiana Supreme Court denied transfer on December 16, 2010. (DE 11-3 at 3.)

On August 2, 2011, Stevens filed a petition for post-conviction relief. (DE 11-2 at 1.) On July 24, 2013, after a hearing, the post-conviction court issued written findings of fact and conclusions of law, denying post-conviction relief. (DE 11-2 at 10.) Stevens attempted to appeal the denial of post-conviction relief, but the Indiana Court of Appeals deemed his brief as untimely and dismissed the appeal with prejudice. (DE 11-4 at 2.) Stevens then sought transfer to the Indiana Supreme Court. (DE 11-10.) Transfer was denied on August 28, 2010. (DE 11-4.)

On September 29, 2014, Stevens filed this federal habeas petition raising various claims of trial and appellate counsel ineffectiveness.

**ANALYSIS**

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Here, Stevens's claims are procedurally defaulted because he did not raise them in one complete round of state review and because the Indiana Court of Appeals disposed of his post-conviction appeal on an independent and adequate state law ground. The record reflects that Stevens did not raise the claims contained in his habeas petition on direct appeal. (DE 11-5.)

And, while he raised them in the state post-conviction proceedings at the trial court, he did not adequately present them to the Indiana Court of Appeals. (*See* DE 11-4 at 2.) Instead, the appeal was dismissed because Stevens failed to file a timely appellate brief. Because he did not raise these claims in one complete round of state review, the claims are procedurally defaulted. *Boerckel*, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims). In addition, because the Indiana Court of Appeals dismissed Stevens's post-conviction appeal on state procedural grounds for failure to timely file an appellate brief, his claims are also defaulted based on an independent and adequate state law ground. *Coleman*, 501 U.S. at 729.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Stevens filed two traverses and numerous other documents in support of his petition, but the only basis he asserts for this court to excuse his procedural default is that the Indiana Court of Appeals should not have denied him the right to pursue his appeal. However, since Stevens failed to meet the state procedural requirement of filing a timely brief, this argument is without

merit. See *Coleman*, 501 U.S. at 730. Instead, Stevens is required to point to something that prevented him from filing at timely appellate brief, which he does not do.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). While Stevens points out some inconsistencies and contradictions regarding the evidence presented at trial, as well as some criticisms of his appointed counsel, he does not show any fundamental miscarriage of justice would occur. While Stevens primarily focuses his argument on the merits of his claims, (*See* DE 17; 17-1; 25), because the claims are procedurally defaulted, the court is precluded from reaching them on the merits in this proceeding.

Stevens also filed a number of motions in this case. First, he filed two motions seeking discovery materials to support the claims in his petition. (DE 22, 24.) However, because his claims are defaulted and the court will not reach the merits, these motions are unnecessary. Second, Stevens filed two motions requesting an evidentiary hearing on his claims. (DE 21, 26.) However, because his claims are defaulted and there is no question of fact that needs to be decided, there is no need for an evidentiary hearing. Third, he filed two motions seeking court

appointed counsel[1] to conduct discovery under Rule 6 and to represent him at an evidentiary hearing under Rule 8(c) of the Rules Governing Section 2254 Cases. (DE 20, 27.) As the court has already explained, there is no discovery or evidentiary hearing going to take place and, therefore, no attorney is necessary to assist him in that regard. Finally, Stevens seeks to direct the clerk to include (or make available) documents from Cause Number 3:13-CV-596 when the clerk transmits the record to the Seventh Circuit. This the court will not do. It would be inappropriate for the court to instruct the Clerk in such a manner.

As a final matter, the court must consider whether to grant Stevens a certificate of appealability. 28 U.S.C. § 2253(c); RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is resolved on procedural grounds, to obtain a certificate of appealability the petitioner must establish two components: that reasonable jurists would find it debatable whether the court was correct in its procedural ruling, and that the petition states a valid claim for denial of a constitutional right. *Id.* For the reasons fully explained above, Stevens's claims are procedurally defaulted. He has not provided any basis for concluding that

---

[1]As Stevens requested counsel at the same time as he filed his traverse, it is apparent that he only sought counsel for the limited purpose of seeking discovery and anticipating an evidentiary hearing. Since neither of these are taking place, there is no need to appoint counsel. Moreover, as Stevens has not sought counsel on his own, or demonstrated that this case is too difficult for him to present, there would be no basis for appointing counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) ( "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

jurists of reason would debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For the foregoing reasons, the court:

(1) **DENIES** the petition (DE 1);

(2) **DENIES** the motions (DE 22, 24) seeking discovery;

(3) **DENIES** the motions (DE 21, 26) requesting an evidentiary hearing;

(4) **DENIES** the motions (DE 20, 27) for appointment of counsel;

(5) **DENIES** the motion (DE 28) for designation of the record; and

(6) **DENIES** the petitioner a certificate of appealability.

SO ORDERED.

ENTERED: December 11, 2015          s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court